## Kielwein v. Davis

*Greevy, Knittle, Fisher & Rice,* for plaintiff.

*Harry Alvan Baird,* for defendant.

*Candor, Youngman & Gibson,* for additional defendant.

WILLIAMS, P. J., and GREEVY, J., November 1, 1957. —Pennsylvania Rule of Civil Procedure 2252 reads as follows:

"Right to join additional defendants. (a) In any action the defendant or any additional defendant may file as of course a praecipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him. (b) The defendant or additional defendant shall file with the praecipe a complaint, in the manner and form required of the initial

pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded. (c) The writ to join an additional defendant shall be directed to him and shall be substantially. . . ."

The original defendant in this case has filed a praecipe to bring in the additional defendant, but no complaint. The additional defendant asks that the action be dismissed as to it because the complaint has not been filed.

The additional defendant's argument is simple. It is that rule 2252 is mandatory that a complaint be filed with the praecipe, and that inasmuch as the original defendant has not filed his complaint, the action must be dismissed as to the additional defendant. If this argument is followed to its logical conclusion, it means that jurisdiction has not been acquired over the person of the additional defendant because of the failure to file the complaint.

The original defendant quotes from Goodrich-Amram and Scabis v. Nobel, 63 D. & C. 52, which are to the effect that the filing of the praecipe for joinder is the essential part of rule 2252 and that the provision as to the filing of the complaint is merely directory. A similar decision has been reached in Chavers et ux. v. Chadderton, etc., 55 D. & C. 158, where it is held that the act which confers jurisdiction over the person of the additional defendant is the service of the writ, and that service of copies of the complaint is not essential to the acquisition of jurisdiction over the person of the additional defendant.

It has been said that the object of the procedural rules committee has been to seek a balancing of the relative rights of the parties. Inasmuch as the original defendant may be ruled to file a complaint under rule 1037, we are of the opinion that the motion of the additional defendant should be refused. As to the delay, the

parties can always, with permission of the court, try the action between plaintiff and the original defendant without waiting for the complaint of the original defendant.

And now, November 1, 1957, it is ordered and decreed that the motion of the additional defendant is dismissed.